UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN ROBLES,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br><br>　　　　　　　　　Defendant. | Case No.: 3:23-cv-00898-JES-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 29]** |

Before the Court is Defendant County of San Diego's ("Defendant" or "County") motion to dismiss ("Motion") Plaintiff Dylan Robles' ("Plaintiff") Second Amended Complaint ("SAC"). ECF No. 29. Plaintiff filed an opposition ("Opposition," ECF No. 30), and Defendant filed a reply ("Reply," ECF No. 31). On October 9, 2024, the Court held oral arguments. For the reasons stated below, the Motion is **GRANTED**.

### I.　BACKGROUND

**A. Procedural Background**

On May 16, 2023, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging various causes of action against the County, the City of San Diego ("City"), County Sheriffs K. Martinez and W. Gore, and City Officers T. McGrath and C. Reda. ECF No. 1. On August 25, 2023, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 8. Defendants filed a motion to dismiss the FAC, (ECF Nos. 11, 12), which the Court granted

("Prior Order," ECF No. 25). The Court also granted the County's motion for a more definitive statement with regards to Plaintiff's first and fifth causes of action. *Id*. On August 21, 2024, Plaintiff filed a Second Amended Complaint ("SAC") alleging a single cause of action, *Monell*[1] liability in violation of 42 U.S.C. § 1983, against the County. ECF No. 27. On September 4, 2024, the County moved to dismiss the SAC. ECF No. 29.

### B. Plaintiff's Allegations

The Court's Prior Order extensively detailed Plaintiff's factual allegations and judicially noticed body worn camera video. *See* ECF No. 25 at 2-9. The Court declines to restate those allegations here, in part because the SAC is more deficient than the FAC. For this operative Motion, Plaintiff only alleges *Monell* liability in violation of 42 U.S.C. § 1983 against the County. ECF No. 27. All previously named defendants were either dismissed with prejudice or were not named as defendants in the SAC. *Id*.; *see also* ECF No. 25.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences

---

[1] *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978)

drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

**B. Federal Rule of Civil Procedure 12(e)**

"A party may move for a more definite statement of a pleading … which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). An order granting the motion is appropriate when the responding party cannot ascertain the substance of the asserted claim. *Buckley v. County of San Mateo*, No. 14-cv-05448-YGR, 2015 WL 5769616, at *5 (N.D. Cal. Oct. 2, 2015). "Rule 12(e) motions are disfavored and

rarely granted." *Id*. (citing *Castaneda v. Burger King Corp.*, 597 F.Supp.2d 1035, 1045 (N.D. Cal. 2009)). "The rule is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot understand the substance of the claim asserted." *Id*. "[A] motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Conta v. City of Huntington Beach*, No. 8:21-cv-01897-JLS-KES, 2022 WL 3574439, at *2 (C.D. Cal. June 22, 2022) (citation omitted).

### C. Federal Rule of Civil Procedure 12(f)

"The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts disfavor motions to strike, and they should not be granted unless the matter clearly has no possible bearing on the litigation. *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). The court views a motion to strike in the light most favorable to the nonmoving party. *Id*. "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Id*.

## III.  LEGAL ANALYSIS

### A. Plaintiff Fails to State a § 1983 Claim

"Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citations omitted). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id*.

At no point does the SAC specify the constitutional right(s) allegedly infringed. *See* ECF No. 27. Rather, Plaintiff vaguely alleges his constitutional rights were violated. *Id*. at ¶¶ 88, 89, 96-98 ("Plaintiff was deprived of his constitutional rights;" "which resulted in the violation of Plaintiff's constitutional rights;" "acts directly caused Plaintiff's constitutional deprivation;" "direct violation of Plaintiff's constitutional rights;" "thereby ratifying the unconstitutional conduct"). Although Plaintiff references deliberate indifference throughout the SAC, he does not allege whether it was in violation of his

Eighth or Fourteenth Amendment rights. *See Id*. at ¶¶ 89, 92, 93, 96, 98. It is not until the Opposition where Plaintiff specifies the constitutional rights allegedly infringed. ECF No. 30 at 21, 26, 29. However, the Court cannot look beyond the SAC when determining the Motion. *Schneider*, 151 F.3d at 1197 n.1. Thus, Plaintiff fails to state a claim under 42 U.S.C. § 1983.

### B. Plaintiff Fails to State a *Monell* Claim

Even if Plaintiff were to specify the constitutional right(s) allegedly violated under § 1983, he still fails to state a *Monell* claim. Under *Monell*, Plaintiff must prove: (1) he possessed and was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional deprivation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Plaintiff can allege a policy in three ways: (1) the County acted based on an expressly adopted official policy; (2) the County had a longstanding practice or custom; or (3) a County official with "final policy-making authority" either committed the constitutional tort or ratified a subordinate's unconstitutional conduct. *Gordon v. County of Orange*, 6 F.4th 961, 973-74 (9th Cir. 2021) (internal quotation marks and citations omitted).

First, Plaintiff alleges *Monell* liability against the County, but does not allege constitutional violations against any individual defendants. *See* ECF No. 27. Failing to adequately plead a constitutional violation against individual defendants warrants dismissal of the *Monell* claim against the County. *Cavanaugh v. County of San Diego*, No. 20-56311, 2021 WL 6103115, at *1 (9th Cir. Dec. 22, 2021) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

Moreover, the Court's Prior Order noted that Plaintiff "never included the County's diabetes policy in the FAC," nor "allege[d] any requirements of the [County's Standard Nursing Procedures] Treatment Plan in the FAC." ECF No. 25 at 23. In the SAC, Plaintiff again alleges "Defendant acted pursuant to a policy or custom of deliberate indifference to the medical needs of inmates, particularly those suffering from diabetes." ECF No. 27 at ¶

89. However, Plaintiff again fails to attach any such diabetes policy or treatment plan in the SAC. As stated in the Prior Order, the Court cannot consider material outside the pleadings when determining the Motion, unless an exception applies. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). Plaintiff does not identify any exception that allows the Court to consider the exhibits attached to the Opposition. Thus, Plaintiff fails to state a claim for *Monell* liability against the County, and his sole cause of action is **DISMISSED without prejudice**.

### C. Defendant's Motion for a More Definite Statement and Motion to Strike

In its Prior Order, the Court granted Defendant's Rule 12(e) motion because the FAC was "littered with 'shotgun pleadings'" and "group[ed] all defendants together without identifying what each particular defendant did wrong." ECF No. 25 at 23, 25. Given that the SAC names the County as sole defendant, the Court finds Defendant's Rule 12(e) motion for a more definite statement to be unnecessary and therefore it is **DENIED**.

Defendant argues that SAC ¶¶ 9-10 and Exhibits A-C should be stricken as immaterial. ECF No. 29 at 11. The Court expresses doubt as to the immateriality of those allegations and exhibits. Thus, Defendant's Rule 12(f) motion to strike is **DENIED**.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion is **GRANTED** and the Court grants Plaintiff leave to amend and one final opportunity to cure the defects set forth above and in the Court's Prior Order. Plaintiff has **30 days** from the date of this Order to file a Third Amended Complaint.

**IT IS SO ORDERED**.

Dated: March 25, 2025

Honorable James E. Simmons Jr.
United States District Judge