UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN ROBLES,<br><br>                        Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO et al.,<br><br>                        Defendant. | Case No.: 3:23-cv-00898-JES-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 41]** |

Before the Court is Defendant County of San Diego's ("Defendant" or "County") motion to dismiss ("Motion") Plaintiff Dylan Robles' ("Plaintiff") Third Amended Complaint ("TAC," ECF No. 39). ECF No. 41. Plaintiff filed an Opposition (ECF No. 43), and Defendant filed a Reply (ECF No. 44). For the reasons stated below, the Motion is **GRANTED**.

## I. BACKGROUND

On May 16, 2023, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging various causes of action against the County, the City of San Diego ("City"), County Sheriffs K. Martinez and W. Gore, City Officers T. McGrath and C. Reda, and Does 1 through 20. ECF No. 1. On August 25, 2023, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 8. The Court granted defendants' motion to dismiss the FAC, as well as the County's motion for a more definite statement regarding Plaintiff's first and fifth

causes of action ("Order Dism FAC"). ECF No. 25. Claims against the City, Officers McGrath and Reda, Sherriff Martinez, and the *Monell*[1] claim against Doe defendants were dismissed with prejudice. Claims against the County, Sherriff Gore, and the Fourteenth Amendment claim against Doe defendants were dismissed without prejudice. *Id*. On August 21, 2024, Plaintiff filed a Second Amended Complaint ("SAC") alleging a single claim for *Monell* liability against the County, the sole defendant. ECF No. 27. The Court granted the County's motion to dismiss the SAC without prejudice ("Order Dism SAC"). ECF No. 38.

On May 16, 2025, Plaintiff filed a TAC alleging Fourteenth Amendment due process violations against the County and Does 1 through 20, as well as *Monell* liability against the County. ECF No. 39. On May 16, 2025, the County filed this Motion. ECF No. 41. The Court's Order Dism FAC extensively detailed Plaintiff's factual allegations and judicially noticed body worn camera video. *See* ECF No. 25 at 2-9. The parties are familiar with the factual background and the Court declines to restate those allegations here.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When ruling on the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences

---

[1] *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978)

drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

### III.   LEGAL ANALYSIS

**A. Plaintiff's Fourteenth Amendment Claims are Waived**

"An amended complaint that 'voluntarily' drops a defendant named in the original complaint effectively dismisses that defendant from the action. Similarly, plaintiff waives all causes of action alleged in the original complaint that are 'voluntarily' not alleged in the amended complaint." Robert E. Weil et al., *Rutter Group Practice Guide--Federal Civil*

*Procedure Before Trial* ¶ 8:1551 (Calif. and 9th Cir. Edition 2025) (citing *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012)).

Plaintiff's FAC alleged causes of action against the County and Does 1 through 20 for Fourteenth Amendment due process violations related to medical care and confinement. ECF No. 8. The Court dismissed those causes of action without prejudice, granting Plaintiff leave to amend. ECF No. 25. Plaintiff's SAC did not allege any Fourteenth Amendment due process causes of action. ECF No. 27. By failing to reallege these causes of action in the SAC, Plaintiff voluntarily waived them. *Lacey*, 693 F.3d at 928 (claims dismissed with prejudice and without leave to amend need not be repled in a subsequent amended complaint, "[b]ut for any claims voluntarily dismissed, we will consider those claims to be waived if not repled"). Therefore, Plaintiff's Fourteenth Amendment causes of action against the County and Doe Defendants are **DISMISSED with prejudice**.

### B. Plaintiff Fails to State a *Monell* Claim

Under *Monell*, Plaintiff must prove: (1) he possessed and was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional deprivation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Plaintiff can allege a policy in three ways: (1) the County acted based on an expressly adopted official policy; (2) the County had a longstanding practice or custom; or (3) a County official with "final policy-making authority" either committed the constitutional tort or ratified a subordinate's unconstitutional conduct. *Gordon v. County of Orange*, 6 F.4th 961, 973-74 (9th Cir. 2021) (internal quotation marks and citations omitted).

Failing to adequately plead a constitutional violation against individual defendants warrants dismissal of the *Monell* claim against the County. *Cavanaugh v. County of San Diego*, No. 20-56311, 2021 WL 6103115, at *1 (9th Cir. Dec. 22, 2021) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Although Plaintiff alleged constitutional violations against Doe Defendants, such claims are not adequately pled. As stated above,

*supra* § III-A, Plaintiff waived his ability to bring Fourteenth Amendment claims against Doe Defendants when he failed to allege those claims in the SAC. *Lacey*, 693 F.3d at 928.

Even if Plaintiff adequately pled constitutional violations against individual Doe Defendants, the TAC fails to state a *Monell* claim. In its Order Dism FAC and Order Dism SAC, the Court previously instructed Plaintiff to include or attach the alleged County diabetes policy in future amended pleadings. ECF No. 25 at 23; ECF No. 35 at 5-6. Plaintiff again alleges the County possesses written, formal diabetes policies in the TAC. ECF No. 39 at ¶¶ 29, 41, 65 ("further evidence of inadequate monitoring in contravention of written, official policies;" "SDCJ's formal policy [is] to conduct a nightly diabetic check-up at 2:00 a.m. on inmates with diabetes;" "[d]espite written policies requiring timely medical assessment"). Plaintiff again fails to include or attach any alleged official County diabetes policy. Having failed to include or attach such a policy, Plaintiff alleges the County has a longstanding custom or practice "of failing to recognize and respond to serious medical and neurological emergencies within the San Diego Central Jail." TAC ¶ 65. Plaintiff fails to allege non-conclusory facts to support this assertion. As for Plaintiff's allegations regarding the County's failure to train or ratification of unconstitutional conduct, they are conclusory and lack factual support. TAC ¶¶ 66-67.

Plaintiff again fails to state a claim for *Monell* liability against the County. After multiple rounds of amendments, the Court does not believe Plaintiff can sufficiently cure the deficiencies of the TAC, rendering further amendment futile. *Chappel*, 232 F.3d at 725-26; *Jackson*, 353 F.3d at 758. Therefore, Plaintiff's *Monell* cause of action against the County is **DISMISSED with prejudice**.

## IV.    CONCLUSION

After due consideration and for the reasons discussed above, the Court **GRANTS** Defendant's Motion with prejudice. The Clerk of Court shall enter judgment for Defendant and close this case. The July 2, 2025, motion hearing date is **VACATED**.

**IT IS SO ORDERED**.

Dated: June 30, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge